**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-712 |
| XIRGO TECHNOLOGIES, LLC; XIRGO HOLDINGS, INC., | |
| Defendants. | |
| OBD SENSOR SOLUTIONS LLC, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-713 |
| XIRGO TECHNOLOGIES, LLC; XIRGO HOLDINGS, INC., | |
| Defendants. | |
| FLEET CONNECT SOLUTIONS LLC, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-837 |
| XIRGO TECHNOLOGIES, LLC; XIRGO HOLDINGS, INC., | |
| Defendants. | |

## OPINION & ORDER

Defendants Xirgo Technologies, LLC and Xirgo Holdings, Inc. (together, "Xirgo"), move to transfer Case No. 2:25-cv-837 to the Northern District of Illinois and

for reconsideration of the Court's Opinion and Order denying its motions to transfer in Case Nos. 2:25-cv-712 and 2:25-cv-713. No. 2:25-cv-712, ECF Nos. 36 (motion), 37 (memorandum); No. 2:25-cv-713, ECF Nos. 36 (motion), 37 (memorandum); No. 2:25-cv-837, ECF Nos. 35 (motion), 36 (memorandum). Because the analysis of the motions considerably relate, the accused products and parties overlap, and the parties' filings are substantially similar, the Court will analyze and decide the motions in each case together. For the reasons stated below, the motions will be **GRANTED**, and all three cases will be **TRANSFERRED** to the Northern District of Illinois.

## I.     BACKGROUND[1]

Plaintiffs Fleet Connect Solutions LLC and OBD Sensor Solutions filed three patent infringement suits in November and December 2025. No. 2:25-cv-712, ECF No. 1; No. 2:25-cv-713, ECF No. 1; No. 2:25-cv-837, ECF No. 1. Fleet Connect brings fourteen counts of patent infringement—one count for each of fourteen patents divided evenly between two cases—related to Xirgo's fleet management platform and tracking solutions. No. 2:25-cv-712, ECF No. 1 ¶¶ 22–23, 26–103; No. 2:25-cv-387, ECF No. 18 ¶¶ 22, 26–166. OBD Sensor brings one count of patent infringement—for one patent—regarding Xirgo's vehicle tracking devices and associated software and applications. No. 2:25-cv-713, ECF No. 1 ¶¶ 22, 24–34. The accused products

---

[1] Because Fleet Connect's allegations in Case No. 2:25-cv-837 regarding the parties, jurisdiction, and venue are identical to the allegations in Case No. 2:25-cv-712, *compare* No. 2:25-cv-837, ECF No. 18 ¶¶ 3–20, *with* No. 2:25-cv-712, ECF No. 1 ¶¶ 3–20, the Court will not repeat the background it already enumerated in its Opinion and Order denying Xirgo's motions to stay and transfer, No. 2:25-cv-712, ECF No. 34 at 2–3; No. 2:25-cv-713, ECF No. 34 at 2–3.

identified in each suit partially overlap. *Compare* No. 2:25-cv-712, ECF No. 1 ¶ 22 (identifying in part XT2100, XT2400, XT2500, XT2600, XT4500, XT4700, XT4900, XT6264, XT6300, XG3700, FMS500 LIGHT, FMS500 LIGHT+, FMS500 STCAN, FMS500 TACHO, XG3700 XTCAN SDK, XG3700 LIGHT SDK, XG3700 LIGHT+ SDK, XG3700 STCAN SDK, XG3700 TACHO SDK), *with* No. 2:25-cv-713, ECF No. 1 ¶ 22 (identifying in part XT2600, XT2400, XT2500, XT6300), *and* No. 2:25-cv-837, ECF No. 18 ¶ 22 (identifying in part XT2100, XT2400, XT2500, XT4500, XT4700, XT4900, XT6264, XT6300, XG3700, FMS500 LIGHT, FMS500 LIGHT+, FMS500 STCAN, FMS500 TACHO, XG3700 XTCAN SDK, XG3700 LIGHT SDK, XG3700 LIGHT+ SDK, XG3700 STCAN SDK, XG3700 TACHO SDK).

On February 9, 2026, Xirgo filed motions to transfer Case Nos. 2:25-cv-712 and 2:25-cv-713 to the Northern District of Illinois and to stay the cases pending resolution of the motions. No. 2:25-cv-712, ECF No. 25; No. 2:25-cv-713, ECF No. 27. The Court denied Xirgo's motions on June 1, 2026, because the interest of justice strongly counseled keeping the cases in the same district as Case No. 2:25-cv-837, which Xirgo had not moved to transfer. No. 2:25-cv-712, ECF No. 34; No. 2:25-cv-713, ECF No. 34. On June 29, 2026, Xirgo moved for reconsideration of the Court's Opinion and Order and to transfer Case No. 2:25-cv-837. No. 2:25-cv-712, ECF No. 36; No. 2:25-cv-713, ECF No. 36; No. 2:25-cv-837, ECF No. 35.

## II.    LEGAL STANDARD

### A.    Motions for Reconsideration Under Fed. R. Civ. P. 54(b)

Under Fed. R. Civ. P. 54(b), a district court retains discretion to revise any interlocutory order "that adjudicates fewer than all of the claims . . . at any time before the entry of a judgment adjudicating all the claims." Such reconsideration is not subject to the "heightened standards" that govern reconsideration of a final judgment under Fed. R. Civ. P. 59(e) or 60(b), *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), but instead Rule 54(b)'s approach "involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light," *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). *See also Matter of Vulcan Construction Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D. Va. 2019) (reconsideration under Rule 54(b) is not limited to "extraordinary circumstances" but instead "the goal is simply to reach the correct judgment under law") (quotation marks and citations omitted).

However, "the discretion Rule 54(b) provides is not limitless," and "a court may [only] revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson*, 856 F.3d at 325 (quotation marks and citation omitted, alterations accepted). This standard "closely resembles" the standard for reconsideration under Rule 59(e) but "departs from such standard by accounting for

4

potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.* (quotation marks and citation omitted).

### B.     Motions to Transfer Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted).

The burden is on the movant to show that transfer is proper. *Cognitronics Imaging Sys., Inc. v. Recognition Rsch. Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000). "In a patent infringement action, motions to transfer venue pursuant to Section 1404(a) are governed by the law of the regional circuit in which the Court sits." *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 867 (E.D. Va. 2013); *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

To determine whether transfer of venue is appropriate, a district court must consider: (1) whether the claims might have been brought in the transferee forum and (2) whether the case should ultimately be transferred to the transferee forum. *Virginia Innovation Scis.*, 928 F. Supp. 2d at 867. As part of the second inquiry, district courts in this Circuit consider: "(1) the weight accorded to [the] plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties;

and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

## III. ANALYSIS[2]

### A. Reconsideration

The Court previously denied Xirgo's motions to transfer Case Nos. 2:25-cv-712 and 2:25-cv-713 primarily because the interest of justice § 1404(a) factor weighed heavily in favor of keeping the cases together with Case No. 2:25-cv-837 in this District. No. 2:25-cv-712, ECF No. 34 at 13–14; No. 2:25-cv-713, ECF No. 34 at 13–14. Now, Xirgo moves for reconsideration under Fed. R. Civ. P. 54(b) because "the basis upon which the Court denied transfer . . . has been materially altered by [Xirgo's] concurrent filing of a motion to transfer that action to the Northern District of Illinois."[3] No. 2:25-cv-712, ECF No. 37 at 1; No. 2:25-cv-713, ECF No. 37 at 1.

Xirgo's motion to transfer in Case No. 2:25-cv-837 is material new evidence for the Court to consider. *Carlson*, 856 F.3d at 325. Given this new information, the

---

[2] Xirgo's request to stay Case No. 2:25-cv-837 pending resolution of whether to transfer the action is mooted by this Opinion and Order's resolution of the motion. No. 2:25-cv-837, ECF No. 36 at 15–16.

[3] Xirgo also moves for reconsideration because it contends that the Court's finding that keeping the cases together would promote judicial economy was a clear error of law. No. 2:25-cv-712, ECF No. 37 at 10; No. 2:25-cv-713, ECF No. 37 at 10. Xirgo argues that the cases are not related because they "involve different patents, which claim different technologies, in different fields, by different inventors." No. 2:25-cv-712, ECF No. 37 at 2 n.2, 10; No. 2:25-cv-713, ECF No. 37 at 2 n.2, 10. But, as the Court previously explained, because the cases involve similar patent infringement claims between the same parties, involving some of the same products and similar technology, judicial economy would be served by keeping the cases together. No. 2:25-cv-712, ECF No. 34 at 13; No. 2:25-cv-713, ECF No. 34 at 13; *see, e.g., In re Medrad, Inc.*, No. 954, 1999 WL 507359, at *3 (Fed. Cir. 1999) ("While the actions . . . related

interest of justice factor that animated the Court's previous Opinion and Order is now neutral, and the balance of the § 1404(a) factors weighs in favor of transferring all three cases to the Northern District of Illinois.[4] *See* No. 2:25-cv-712, ECF No. 34 at 12–14; 2:25-cv-713, ECF No. 34 at 12–14.

The plaintiffs argue that "post-ruling developments are not a basis for reconsideration" and reconsideration may only be granted based on "evidence that existed at the time of the ruling but was genuinely unavailable." No. 2:25-cv-712, ECF No. 39 at 5 (citing *Tiber Creek Partners, LLC v. Ellume USA LLC*, No. 23-1882, 2025 WL 1950071, at *3 (4th Cir. Sept. 25, 2024)); No. 2:25-cv-713, ECF No. 39 at 5 (citing same). But *Tiber Creek* analyzed a motion for reconsideration of post-judgment relief under Rules 59(e) and 60(b) and therefore applied the heightened standard not applicable under Rule 54(b). Though Xirgo's motion to transfer is indeed a strategic litigation decision,[5] its filing materially affects the reasoning of the Court's Opinion and Order, issued just twenty-eight days before Xirgo's motion to transfer. *See Carlson*, 856 F.3d at 325 (Rule 54(b)'s approach "involves broader flexibility to revise

---

to different patents, the cases involve the same parties, some of the same products, and similar technology. In order to transfer a case as related under § 1404(a), the subject matter need not be identical, only similar."). At the very least, keeping the cases together will promote uniform treatment of similar cases.

[4] The Court will separately analyze the motion to transfer in Case No. 2:25-cv-837 below.

[5] Xirgo reserved the right to file a transfer motion in Case No. 2:25-cv-837 when it moved to transfer in Case Nos. 2:25-cv-712 and 2:25-cv-713. No. 2:25-cv-712, ECF No. 26 at 2 n.1; No. 2:25-cv-713, ECF No. 26 at 2 n.1.

interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light").

Given the discretion that Rule 54(b) and § 1404(a) provide, the Court is assured that "the correct judgment under law" is to reconsider Xirgo's motions to transfer in Case Nos. 2:25-cv-712 and 2:25-cv-713 given Xirgo's motion to transfer in Case No. 2:25-cv-837 and transfer all three cases to the Northern District of Illinois. *Matter of Vulcan Construction Materials,* 433 F. Supp. 3d at 820.

### B.    Transfer

Xirgo moves to transfer Case No. 2:25-cv-837 to the Northern District of Illinois for largely the same reasons that it previously moved to transfer Case Nos. 2:25-cv-712 and 2:25-cv-713. The Court will not retread ground it has previously, *see* No. 2:25-cv-712, ECF No. 34 at 4–14; No. 2:25-cv-713, ECF No. 34 at 4–14, but will address the two new arguments Fleet Connect raises.

First, Fleet Connect argues that because Xirgo employed a wait-and-see tactic by failing to move to transfer in Case No. 2:25-cv-837 until after transfer was denied in Case Nos. 2:25-cv-712 and 2:25-cv-713, the Court should find that Xirgo waived venue transfer in this case pursuant to Fed. R. Civ. P. 1. No. 2:25-cv-837, ECF No. 38 at 11 (citing *In re Micron Tech., Inc.*, 875 F.3d 1091, 1102 (Fed. Cir. 2017)). But *In re Micron Tech.* merely explains that "district courts have authority to find forfeiture of a venue objection" under Rule 1 and does not provide guidance as to when a court should find forfeiture. 875 F.3d at 1101–02.

Section 1404(a) does not provide a time limit on transfer motions and courts instead assess timeliness based on the stage of litigation. *See, e.g., CIVIX-DDI, LLC*

8

*v. Loopnet, Inc.*, No. 2:12-cv-2, 2012 WL 3776688, at *6 (E.D. Va. Aug. 30, 2012) (interest of justice factor weighed in favor of transfer in part because the Court had not held a *Markman* hearing nor ruled on any dispositive motions); *Fessia v. HMSHost Corp.*, 2026 WL 364391, at *4 (D. Md. Feb. 10, 2026) (interest of justice factor weighed against transfer because the defendant filed its motion only seven weeks before the close of discovery). Here, the case is in its early stages as the Court has not entered a Scheduling Order, held a *Markman* hearing, nor ruled on any dispositive motions. Therefore, Xirgo's motion to transfer is timely.

Second, Fleet Connect attempts to bolster its argument that the witness convenience factor weighs in favor of the cases remaining in this District due in part to the presence of the third-party company u-blox. No. 2:25-cv-837 at ECF No. 38 at 13–14; *see* No. 2:25-cv-712, ECF No. 27 at 9, ECF No. 34 at 9; No. 2:25-c-v713, ECF No. 29 at 9, ECF No. 34 at 9. Fleet Connect contends that u-blox supplies the wireless chips that are embedded in the accused products, and so u-blox possesses "technical documentation, design specifications, and chip-level source code that will bear directly on whether the [a]ccused [p]roducts satisfy these claim elements." No. 2:25-cv-837, ECF No. 38 at 13. While Fleet Connect's showing here is certainly more robust than in its briefing on the motions to transfer in Case Nos. 2:25-cv-712 and 2:25-cv-713, u-blox's presence in this District still does not change the Court's conclusion that the witness convenience factor is neutral. *See* No. 2:25-cv-712, ECF No. 34 at 10–11; No. 2:25-cv-713, ECF No. 34 at 10–11.

While non-party witnesses convenience is afforded greater weight than the convenience of party witnesses, Fleet Connect "fail[s] to disclose any particulars about the testimony of their potential witnesses, whether it would be inconvenient to access that testimony in the [Northern District of Illinois], . . . or why [videotaped] depositions of nonparty witnesses would be inadequate and live testimony required"). *Koh v. Microtek Intern., Inc.,* 250 F. Supp. 2d 627, 637 (E.D. Va. 2003); *see also Acterna, L.L.C. v. Adtech, Inc.,* 129 F. Supp. 936, 939 (E.D. Va. 2001).

Furthermore, Xirgo explains that u-blox exited the relevant market in 2024 and no longer sells cellular wireless chips. No. 2:25-cv-837, ECF No. 39 at 7; *see also* No. 2:25-cv-713, ECF No. 30-1 ¶ 10, ECF No. 30-3. Instead, the "dominant chip supplier for the accused products is Quectel, located in San Diego, California," which supplied the wireless chips used in the XG3780 and XT4700 series products. No. 2:25-cv-837, ECF No. 39 at 7–8; *see also* No. 2:25-cv-713, ECF No. 30-1 ¶ 10. Xirgo similarly fails to address whether it would be inconvenient for Quectel to testify in this District or whether videotaped depositions would be inadequate.

Therefore, without sufficient evidence as to the inconvenience of any particular non-party witness, the witness convenience factor remains neutral.

* * *

The Court is certainly sympathetic to Fleet Connect's and OBD's argument that there is some level of gamesmanship at play here. To be sure, the Court is acutely aware that the instant filings are no doubt an effort to end-run its prior decision. On some level though, regardless of whether this Court agrees with that approach,

10

reacting to adverse decisions in a way that causes the Court to reverse course would simply be viewed by most as good lawyering. And in any event, if this District's interests in these cases were significant, the Court would have had no problem denying these reconsideration motions out of hand. But that is not the situation here. The Court's conclusion rests primarily on its belief that the interests of justice dictate that the same forum should resolve these disputes. It is evident that forum should be the Northern District of Illinois.

## IV.    CONCLUSION

Defendants Xirgo Technologies, LLC and Xirgo Holdings, Inc.'s motions for reconsideration (No. 2:25-cv-712, ECF No. 36; No. 2:25-cv-713, ECF No. 36) are **GRANTED**.

Xirgo's motion to transfer (No. 2:25-cv-837, ECF No. 35) is **GRANTED**.

The cases are hereby **TRANSFERRED** to the Northern District of Illinois.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 30, 2026

11